Kevin G. Richards (USB#5339)
Jaime G. Richards (USB# 15017)
Adam Brinley (USB# 14952)
**RICHARDS, BRINLEY & RICHARDS LAW GROUP**
289 24th Street, Ste. 101
Ogden, Utah 84401
Phone: (801) 621-7443
Fax: (801) 621-4137
Email:  Jaime@richardsgodfrey.com

Adam S. Hensley (USB#14452)
**KAUFAM, NICHOLS & KAUFMAN, PLLC.**
Bamberger Square Building
205 26th Street, Ste. 34
Ogden, UT 84401
Phone: (801) 394-6062
Fax: (801) 392-4125
Email: hensley@knoklaw.com

*Attorneys for Defendants, Paul Shirley & Brooke Shirley*

## IN THE UNITED STATE BANKRUPTCY COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **In re;** <br><br> **THRIVE NATIONAL CORP,** and <br> **THRIVE SYSTEMS, INC.** <br> Debtors. <br><br> _____ <br><br> **KENNETH RUSHTON,** in his capacity as Chapter 7 Trustee of the Consolidated Estates of Thrive National Corp. and Thrive Systems, Inc., <br> **Plaintiff,** <br> v. <br><br> **PAUL SHIRLEY, BROOKE SHIRLEY, AMY HALL** and **MAITON, LLC.** <br> **Defendants.** | **ANSWER TO COMPLAINT** <br><br><br> Bankruptcy No. 16-26526 <br><br> Adversary Proceeding No. 18-02098 <br><br> Chapter 7 <br><br> Judge: KEVIN R. ANDERSON |

Kenneth Rushton v. Paul & Brooke Shirley                    1

Defendants, *Paul Shirley* and *Brooke Shirley*, by and through their attorneys, *Jaime G. Richards of Richards, Brinley and Richards Law Group, PLLC.* and *Adam S. Hensley of Kaufman, Nichols and Kaufman, PLLC,* hereby answer Plaintiff's Complaint as follows:

efendants, each of them, answer each specific numbered allegation of the Complaint as follows:

### Nature of the Case

1. Defendants deny paragraph 2 of Plaintiff's Complaint.

### Parties, Jurisdiction and Venue

2. Defendants admit the allegations set forth in numbered paragraphs; 3, 4, 5, 6, 7, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22 & 23 of Plaintiff's Complaint.

3. Defendants deny the allegations set for in numbered paragraph 11 Plaintiff's Complaint.

4. Defendants lack sufficient knowledge or information to either admit or deny the allegations set for in numbered paragraphs; 8, 9, 10 & 15 of Plaintiff's Complaint and therefor deny the allegations.

### General Allegations

5. Defendants admit the allegations set forth in numbered paragraphs; 24, 25, 38, 42, 44, 45 & 48 of Plaintiff's Complaint.

6. Defendants deny the allegations set forth in numbered paragraphs; 43 & 46 of Plaintiff's Complaint.

7. Defendants lack sufficient knowledge or information to either admit or deny the allegations set for in numbered paragraphs; 26-37, 39-41, 49-59 of Plaintiff's Complaint and therefor deny the allegations.

8. As to number paragraph 47 of Plaintiff's Complaint, the Defendants admit they have knowledge of the Real Property but lack sufficient knowledge or information regarding who owned the real property.

### First Cause of Action

9. Defendants incorporate their responses as appropriate to number paragraph 60 Plaintiff's Complaint.

10. Defendants deny the allegations set forth in numbered paragraphs 61-74 of Plaintiff's Complaint.

### Second Cause of Action

11. Defendants incorporate their responses as appropriate to number paragraph 75 Plaintiff's Complaint.

12. Defendants deny the allegations set forth in numbered paragraphs 76-78 of Plaintiff's Complaint.

### Third Cause of Action

13. Defendants incorporate their responses as appropriate to number paragraph 79 Plaintiff's Complaint.

14. Defendants deny the allegations set forth in numbered paragraphs 80-84 of Plaintiff's Complaint.

### Fourth Cause of Action

15. Defendants incorporate their responses as appropriate to number paragraph 85 Plaintiff's Complaint.

16. Defendants deny the allegations set forth in numbered paragraphs 86-88 of Plaintiff's Complaint.

### Fifth Cause of Action

17. Defendants incorporate their responses as appropriate to number paragraph 89 Plaintiff's Complaint.

18. Defendants deny the allegations set forth in numbered paragraphs 90-94 of Plaintiff's Complaint.

### Sixth Cause of Action

19. Defendants incorporate their responses as appropriate to number paragraph 95 Plaintiff's Complaint.

20. Defendants deny the allegations set forth in numbered paragraphs 96-100 of Plaintiff's Complaint

## AFFIRMATIVE DEFENSES

Any allegation in the Complaint that was not specifically denied by the Defendant is denied. In addition to the defenses stated above, the Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the lack of contractual obligation, doctrines of waiver and compromise, estoppel, mootness, laches, accord and satisfaction, and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, fail and/or are barred by the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

Kenneth Rushton v. Paul & Brooke Shirley                    4

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to mitigate its damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, fail and/or are barred as a result of lack of consideration and/or failure of consideration.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims were caused by one or more third parties over whom the Defendants had no control.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants are not "transferees" under 11 U.S.C. § 550.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Debtors received reasonably equivalent value and there was no intent to hinder, delay or defraud.

## TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend his answer to include any further affirmative defenses which it may discover through the course of this litigation.

**WHEREFORE,** premises considered, the above-named Defendants pray for the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice and upon the merits;

2. That Plaintiff's Complaint be dismissed in its entirety as for no cause of action and that Plaintiff take nothing there from.

Kenneth Rushton v. Paul & Brooke Shirley                    5

3. That Defendants be awarded their attorney's fees and costs incurred in defense of said action.

4. For all such other and further relief as the court may deem just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 4th day of September, 2018.

**RICHARDS, BRINLEY & RICHARDS LAW GROUP, PLLC.**

**/s/  Jaime G. Richards**
**Kevin G. Richards**
**Jaime G. Richards**

**KAUFMAN, NICHOLS & KAUFMAN, PLLC.**

**/s/  Adam S. Hensley**
**Adam S. Hensley**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2018, a true and correct copy of the foregoing, *Answer to Complaint,* was served electronically via e-filing through court electronic notification system.

*/s/ Jaime G. Richards*
_____
**Jaime G. Richards**
**Attorney for Defendant**
